United States District Court
Southern District of Texas
**ENTERED**
June 24, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDON DESHAWN WILLIAMS, TDCJ #2093067, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-20-3229 |
| BOBBY LUMPKIN, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Brandon Deshawn Williams (TDCJ #2093067) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) challenging a conviction entered against him in Harris County, Texas. Pending before the court is Respondent's Motion for Summary Judgment with Brief in Support ("Respondent's MSJ") (Docket Entry No. 8), arguing that the Petition is barred by the governing one-year statute of limitations. Williams has replied with Petitioner['s] Motion for Summary Judgment with Brief in Support ("Petitioner's MSJ") (Docket Entry No. 10). After considering the pleadings, the state court records, and the applicable law, the court will grant Respondent's MSJ and will dismiss this action for the reasons explained below.

## I. Background

A Harris County grand jury returned an indictment against Williams in Cause No. 1478986, charging him with aggravated robbery with a deadly weapon -- namely, a firearm.[1] The victim identified Williams at trial as the man who robbed him at gunpoint.[2] A jury in the 262nd District Court for Harris County found Williams guilty as charged and sentenced him to 27 years in prison.[3] Consistent with the jury's verdict, the trial court entered a judgment of conviction and imposed sentence on September 30, 2016.[4]

On direct appeal Williams argued that the trial court erred by admitting evidence of an extraneous offense.[5] The court of appeals rejected that argument and affirmed the conviction in an unpublished opinion. See Williams v. State, No. 01-16-00794-CR, 2018 WL 3384549, at *5 (Tex. App. — Houston [1st Dist.] July 12, 2018, no pet.).[6] Williams did not file a Petition for Discretionary Review ("PDR") with the Texas Court of Criminal

---

[1]Indictment, Cause No. 1478986, Docket Entry No. 9-15, p. 64. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]Court Reporter's Record, vol. 6, pp. 103-18.

[3]Id. at 165.

[4]Judgment of Conviction by Jury, Docket Entry No. 9-15, p. 74.

[5]Brief of Appellant, Docket Entry No. 9-12, p. 6.

[6]Memorandum Opinion of the Court of Appeal for the First District of Texas, Docket Entry No. 9-14, p. 11.

Appeal. The deadline for filing a PR was Monday, August 13, 2018. See Tex. R. App. P. 4.1, 68(a).

On January 26, 2020, Williams executed an Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07 ("State Habeas Application"), which was filed with the trial court on February 5, 2020.[7] In three separate grounds for relief Williams alleged that his conviction violated the United States Constitution because it was entered without jurisdiction.[8] In a fourth ground for relief Williams alleged that he was denied the right "to confront and cross-examine" witnesses in violation of the Sixth Amendment.[9] The state habeas corpus court found that Williams failed to provide facts or evidentiary support for his claims and recommended that relief be denied.[10] The Texas Court of Criminal Appeals agreed and

---

[7]State Habeas Application, Docket Entry No. 9-15, pp. 5-21. The petitioner's pro se submissions are ordinarily treated as filed on the date he placed them in the prison mail system under the prison mailbox rule, which also applies to post-conviction proceedings in Texas. See Richards v. Thaler, 710 F.3d 573, 578-79 (5th Cir. 2013). Williams does not indicate when he placed his State Habeas Application in the prison mail system. Absent information from the petitioner about when he placed his pleadings in the prison mail system, the court treats the date that his pleadings were received as the filing date. See United States v. Duran, 934 F.3d 407, 412 (5th Cir. 2019) (placing the burden on the pro se prisoner to show when his pleading was tendered to prison officials for delivery to the court).

[8]State Habeas Application, Docket Entry No. 9-15, pp. 10-12 and 14.

[9]Id. at 16.

[10]State's Proposed Findings of Fact, Conclusions of Law and Order, Docket Entry No. 9-15, pp. 45-47.

denied relief without a written order on April 29, 2020, based on the state habeas corpus court's findings and its own independent review of the record.[11]

On September 15, 2020, the court received an undated federal habeas corpus Petition from Williams, which was delivered by certified mail.[12] Williams contends for the first time that he is entitled to relief because the jury that convicted him did not include any African-Americans.[13] Williams contends further that he was denied due process because his judgment was not entered by a court of law with competent jurisdiction to adjudicate the charges against him and that he was also denied the right to cross-examine his accuser.[14] The respondent argues that the Petition must be dismissed because it is untimely and barred by the governing one-year statute of limitations on federal habeas corpus review.[15] Williams argues that he is entitled to relief and that Respondent is not entitled to summary judgment because his underlying conviction is void for lack of jurisdiction.[16]

---

[11]Action Taken on Application No. WR-91,163-01, Docket Entry No. 9-16, p. 1.

[12]Petition, Docket Entry No. 1, pp. 1, 14-17. Because Williams provides no information about when he placed these pleadings in the prison mail system, the court treats the Petition as filed on the date it was received. See Duran, 934 F.3d at 412.

[13]Petition, Docket Entry No. 1, p. 6.

[14]Id. at 6-7.

[15]Respondent's MSJ, Docket Entry No. 8, pp. 4-9.

[16]Petitioner's MSJ, Docket Entry No. 10, pp. 1-9.

## II. Discussion

### A. The One-Year Statute of Limitations

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), Williams' Petition is subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which runs from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Williams does not dispute that the challenged judgment in Harris County Cause No. 1478986 became final on August 13, 2018, thirty days after the intermediate court of appeals affirmed the conviction on July 12, 2018, when his time to file a petition for discretionary review with the Texas Court of Criminal Appeals expired.[17] See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012)

---

[17]See Respondent's MSJ, Docket Entry No. 8, p. 5 (calculating the date of finality to fall on Monday August 13, 2018).

(a judgment becomes final for purposes of 28 U.S.C. § 2244(d)(1)(A) "when the time for pursuing direct review in [the Supreme] Court, or in state court, expires"). That date triggered the AEDPA statute of limitations under § 2244(d)(1)(A), which expired one year later on August 13, 2019. The federal Petition filed by Williams on September 15, 2020, is late by more than a year and is therefore barred by the statute of limitations unless a statutory or equitable exception applies.

**B.   Williams Is Not Entitled to Statutory or Equitable Tolling**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for State post-conviction or other collateral review" is pending shall not count toward the limitations period on federal habeas review. The State Habeas Application, which was executed by Williams on January 26, 2020, and denied by the Texas Court of Criminal Appeals on April 29, 2020, does not afford any tolling under § 2244(d)(2) because he filed it after the statute of limitations expired on August 13, 2019. See Richards, 710 F.3d at 576 ("Where the applicant files his or her state post-conviction petition after the time for filing a § 2254 application has lapsed, the state petition does not operate to toll the one-year limitations period.") (citing Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000)).

Williams has not demonstrated that there is any other basis to toll the limitations period. He does not assert that he was subject to state action that impeded him from filing his Petition

in a timely manner. See 28 U.S.C. § 2244(d)(1)(B). None of his claims are based on a constitutional right that has been newly recognized by the Supreme Court and made retroactive to cases on collateral review. See 28 U.S.C. § 2244(d)(1)(C). Moreover, none of his claims raise a constitutional issue that is based on a new "factual predicate" that could not have been discovered previously if the petitioner had acted with due diligence. See 28 U.S.C. § 2244(d)(1)(D).

Equitable tolling is available at the court's discretion where a petitioner demonstrates (1) that he pursued federal review with due diligence and (2) that "'some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)). Williams has offered no explanation for his delay. Although he represents himself, it is settled that a prisoner's pro se status, incarceration, and ignorance of the law do not excuse his failure to file a timely petition and are not grounds for equitable tolling. See Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling). Because Williams fails to establish that any exception to the AEDPA statute of limitations applies, the Respondent's MSJ will be granted, and the Petition will be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604. Because this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct, a certificate of appealability will not issue.

### IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. Respondent's Motion for Summary Judgment (Docket Entry No. 8) is **GRANTED**.

2. Petitioner['s] Motion for Summary Judgment (Docket Entry No. 10) is **DENIED**.

3. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Brandon Deshawn Williams (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE**.

4. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 24th day of June, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE